**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAUR International S.A.S.,<br>*Petitioner*,<br>v.<br>Republic of Argentina,<br>*Respondent.* | Civil Action No. 1:26-cv-01392 |

**Status Report**

Pursuant to this Court's September 22, 2026 Minute Order, Petitioner SAUR International S.A.S. ("Saur") submits the following status report in response to the Court's request for an "update … on the status of service."

1. On April 23, 2026, Saur filed a petition to enforce an arbitration award against Respondent, the Republic of Argentina ("Argentina"). ECF No. 1. A summons was issued electronically the following day. ECF No. 5.

2. Because Argentina is a foreign state, service is governed by Federal Rule of Civil Procedure 4(j)(1) and a provision of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608.

3. As such, the default 90-day period to serve a complaint dictated in Federal Rule of Civil Procedure 4(m) does not apply to this action. *See* Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)."). This exception to Rule 4(m)'s deadline accounts for the delay and difficulty that can arise with serving a foreign sovereign abroad.

4. As explained in more detail in Saur's July 22, 2026 status report (ECF No. 6), Saur has attempted service under 28 U.S.C. § 1608(a)(2), which allows service pursuant to an "applicable international convention on service of judicial documents." Specifically, Saur has

attempted to serve Argentina pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") by sending the required documents to the Central Authority designated by Argentina.

5. Counsel still has not yet received the certificate of service, or otherwise heard from, Argentina's Central Authority, as necessary to confirm the completion of service under the Hague Convention.

6. While counsel continues to hope that Argentina's Central Authority will confirm the completion of service, due to the delay it is now evaluating alternative means of service. Specifically, the United States and Argentina are also parties to the Inter-American Convention on Letters Rogatory and Additional Protocol, which constitutes an alternative "applicable international convention on service of judicial documents," under 28 U.S.C. § 1608(a)(2). Saur expects to file a Motion for Issuance of Letters Rogatory to begin this process in the near future.

7. In addition to its forthcoming Motion for Issuance of Letters Rogatory, Saur will update the Court if Argentina's Central Authority returns the certificate of service, rendering service complete under the Hague Convention and eliminating the need for letters rogatory.

Dated: Washington, D.C.
October 5, 2026

Respectfully submitted,

*/s/ Matthew D. McGill*

Matthew D. McGill (D.C. Bar No. 481430)
matthew.mcgill@kslaw.com
Nicholas Mecsas-Faxon (D.C. Bar No. 1779269)
nmecsas-faxon@kslaw.com
Courtney Stone Mirski (D.C. Bar No. 9001045)
cstonemirski@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

*Attorney for SAUR International S.A.S.*